**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,    )
    )
    v.    )    ID No. 2212001152A/B
    )
CORNELIUS E. ARCHY,    )
    )
    Defendant.    )

Date Submitted:  February 18, 2025
Date Decided: May 7, 2025

## ORDER

Upon consideration of Cornelius Archy's Motion for Correction of an Illegal Sentence ("Motion"),[1] Superior Court Criminal Rule 35(a),[2] statutory and decisional law, and the record in this case, IT APPEARS THAT:

(1) On September 6, 2023, in Case A, a jury found Archy guilty of Possession of Marijuana and not guilty of Concealed Carry of a Deadly Weapon.[3] The next day, in Case B, a jury found Archy guilty of two charges of Possession of a Firearm by a Person Prohibited / Possession of Ammunition by a Person Prohibited ("PFBPP/PABPP").[4]

---

[1] Case Number 2212001152A ("Case A"), D.I. 46; Case Number 2212001152B ("Case B"), D.I. 58. *See also* Case A, D.I. 48; Case B, D.I. 68.

[2] Del. Super. Ct. Crim. R. 35(a).

[3] Case A, D.I. 31.

[4] Case B, D.I. 7.

(2)     On September 12, 2023, the State filed a Motion to Declare Defendant a Habitual Offender for the conviction of PFBPP.[5]  The State relied on Archy's prior convictions for Burglary Second Degree and Robbery First Degree.[6]  On June 17, 2024, the Court granted the State's Motion to declare Archy a habitual offender.[7]

(3)     For the Possession of Marijuana charge, Archy was ordered to pay his financial obligations.[8]  For the first PFBPP PABPP charge, Archy was sentenced to 15 years unsuspended Level V.[9]  For the second PFBPP PABPP charge, Archy was sentenced to 8 years Level V, suspended for 6 months Level IV DOC Discretion, followed by 1 year Level III.[10]

(4)     On January 30, 2025, Archy filed the instant Motion.[11]  In his Motion, Archy argues that because he was declared a habitual offender without a jury trial to determine whether his predicate offenses were committed on different occasions, his

---

[5] Case B, D.I. 9.

[6] *Id.*

[7] Case B, D.I. 25.  The Court granted the motion using judicial fact finding.  Archy did not stipulate to his habitual offender status, nor to the prior convictions.

[8] Case A, D.I. 40.

[9] Case B, D.I. 26.  This sentence was pursuant to Archy's habitual offender status and "consecutive to any sentence now serving." *Id.*

[10] *Id.*  Archy is to be held at Level V until space is available at Level IV DOC Discretion. *Id.*

[11] Case A, D.I. 46; Case B, D.I. 58.

sentence is "illegal."[12] On April 21, 2025, Archy filed a second motion making the same arguments.[13]

(5) Rule 35(b) is intended to allow for treatment of cases seeking a reduction of an admittedly legal sentence. The reasons therefore may be as varied as each inmates' experience, but any motion for reduction must be filed within 90 days after the date of imposition of the sentence.

(6) Rule 35(a), on the other hand, is intended to reach a far narrower class of cases. It says that "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Because cases imposing an "illegal sentence" are exceedingly rare, the illegal sentence provision of the Rule is rarely implicated. As to sentences imposed "in an illegal manner," it would appear those sentences are likewise subject to the 90 day rule of Rule 35(b) concerning reduction of sentence.

(7) Exactly where Archy's claim sits on the "illegal sentence/illegal manner" spectrum is not immediately apparent. He is aware – as apparently every other inmate in Delaware is – that the U.S. Supreme Court issued an opinion in *Erlinger v. United States* concerning judicial fact finding in the context of enhanced

---

[12] *Id.*

[13] Case A, D.I. 48; Case B, D.I. 68.

3

sentencing regimes.[14]  That opinion has triggered a virtual blizzard of *pro se* pleadings from inmates seeking relief from their long-ago sentences.  This Court has not yet opined on the applicability of *Erlinger* to particular statutes or sentences in Delaware or the retroactivity of the *Erlinger* decision to sentenced inmates.  Because of the sheer number of *pro se* pleadings coming out of the prison dealing with the *Erlinger* question, many such motions have been referred to Judge Wallace for decision.  In order to avoid the potential for conflicting rulings on the same issues, this Court will stay consideration of the *Erlinger* issue raised by Defendant here pending Judge Wallace's decision on the related cases.  After Judge Wallace rules, the Court will take up Mr. Archy's particular claim under Rule 35(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Archy's Motion under Rule 35(a) is **STAYED**.

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

cc:  Original to Prothonotary
     Jillian L. Bender, Esq.
     Cornelius E. Archy (SBI # 00496480)

---

[14] 602 U.S. 821 (2024)